UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **PAUL STANLEY OSTEEN**  DOC #620939 | : | **CIVIL ACTION NO. 15-CV-22**  **SECTION "P"** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **ALLEN CORRECTIONAL CENTER, ET AL** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is the pro se civil rights complaint filed in forma pauperis by plaintiff Paul Stanley Osteen (hereinafter "Osteen"). Osteen is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (hereinafter "LDOC") and is incarcerated at Allen Correctional Center (hereinafter "ACC") in Kinder, Louisiana. As defendants he names ACC Record Analysts Ms. P. Pitre and Ms. A. Grundy; ACC Warden Cooley; LDOC Secretary James LeBlanc; and ACC Case Manager Ms. Carter.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.  For the reasons that follow, it is recommended that this matter be **DISMISSED WITHOUT PREJUDICE**.

**I.**
**BACKGROUND**

In his complaint, Osteen alleges that he is being denied the full amount of good time credits that he is entitled to as well as credits received from various educational programs that he completed while incarcerated.  Doc. 1, pp. 3-4.  He states that defendant Pitre "with deliberate

indifference" changed his good time credits. Doc. 1, p. 3. He contends that he has been awarded 120 days of good time credit for completing a pre-release class, 20 days to 3 months of school credits, and that he has completed the rehabilitation process. Doc. 1, pp. 3, 4. Osteen asks the court to grant him the credit that he has earned so that he can be released on time. Doc. 1, p. 4.

## II.
### LAW AND ANALYSIS

At the onset, this court must determine whether to treat the above claims as a civil rights complaint as Osteen advances or as a petition for habeas corpus. In general, a civil rights suit "is the proper vehicle to attack unconstitutional conditions of confinement and prison procedures." *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir.1994). A habeas petition, on the other hand, is the appropriate means for a prisoner to challenge the fact or duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). According to the Fifth circuit, the proper vehicle is a civil rights suit if "a favorable determination . . . would not automatically entitle [the prisoner] to accelerated release[.]" *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir.1995) (per curiam).

Based upon a review of the pleadings, it is clear that Osteen has asserted a habeas claim. Although he does not challenge his underlying conviction, he takes issue with policies regarding the allotment of good time credits. Thus, if he is awarded the credits which he claims were denied, the overall length of his confinement would be reduced, mandating an earlier release from confinement. As such, this matter sounds in habeas corpus and Osteen should pursue any such relief in a properly filed federal habeas corpus proceeding.

The court notes that although it is not dismissing this case based on failure to exhaust, it appears that Osteen did not exhaust his state court remedies, a requirement for each ground upon

which habeas relief is sought. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously fairly presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir.1988). Had this court not otherwise dismissed this matter, Osteen's failure to comply with the statutory and jurisprudential requirements concerning exhaustion of available state court remedies would have been a ground for dismissal.

### III.
### CONCLUSION

For reasons stated,

**IT IS RECOMMENDED THAT** this civil rights complaint which constitutes a petition for writ of *habeas corpus* as described herein be **DENIED AND DISMISSED WITHOUT PREJUDICE** to Osteen's ability to pursue such claims by filing the appropriate action.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 27th day of October, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE